Filed 4/6/21  P. v. Padilla CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTHUR PADILLA,<br><br>    Defendant and Appellant. | D077255<br><br><br><br>(Super. Ct. No. SCE386973) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

The San Diego District Attorney in an information filed March 20, 2019, charged defendant Arthur Padilla with assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1), count 1) and misdemeanor vandalism (§ 594, subd. (a)(b)(2)(A), count 2).  The information alleged that defendant had a

---

[1]     All further statutory references are to the Penal Code.

prior conviction for a serious felony (§ 667, subd. (a)(1)); and a prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12).[2]

At the conclusion of the guilt phase, the jury found defendant guilty on both counts. At the conclusion of the sanity phase, the jury found defendant was insane at the time of the commission of the crimes. On February 13, 2020, the trial court found defendant had not yet regained his sanity, ordered him committed to the state hospital system with a maximum confinement of 13 years, and dismissed the misdemeanor vandalism conviction.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 *(Wende)* and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), indicating he has been unable to identify any arguable issues for reversal or modification on appeal. Affirmed.

## BACKGROUND

Chelino G. lived on the ground floor of an apartment complex in El Cajon, a city within San Diego County. His bedroom had a window facing the complex parking lot. On December 26, 2018, he was alone watching television in his apartment. As he looked out the window, he saw defendant standing in the parking lot saying something about a little girl. Thinking defendant needed help, he went outside.

As he approached, Chelino saw defendant was holding a metal bar. Defendant, who was saying something about his wife and a little girl, swung the bar at Chelino, striking him. Chelino in vain tried to explain to defendant that nobody was inside his apartment. Chelino fell to his knees, as defendant continued to strike him with the bar, hitting him on the left wrist, right forearm, and left side of the chest. At some point, Chelino was struck in

---

[2] The information also alleged two prison priors (§ 667.5, subd. (b)), which were subsequently dismissed on the People's motion.

2

the mouth by defendant's arm, knocking out some of his teeth.  Following the attack, defendant used the bar to break Chelino's apartment window, still shouting as if a girl was inside.

As noted, appellate counsel has filed a brief based on *Wende* and *Anders*.  Counsel has summarized the facts and proceedings and includes citations to the record.  He urges there are no contentions which, if found meritorious, would result in reversal or modification of the judgment.

Counsel represents he has informed defendant of his right to file a supplemental brief on his own behalf and has provided defendant with a copy of the record on appeal.  This court has also informed defendant of his right to file a supplemental brief.  Defendant did not file such a brief.

## DISCUSSION

Counsel has provided the following issues for consideration under *Anders*:  1) Whether the trial court erred in denying the defense's request to instruct the jury on imperfect self-defense/defense of another; and 2) Whether the trial court erred in excluding evidence of defendant's mental illness during the guilt phase of the trial.  We have reviewed the entire record, as required by *Wende*, and considered the *Anders* issues raised by defendant. We have not discovered any arguable issues for reversal or modification on appeal.

Competent counsel has represented defendant on appeal.

## DISPOSITION

The judgment is affirmed.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

4